**Esther BYRNES, Appellant,**

v.

**John G. MERCIER, Appellee.**

**No. 3728.**

Supreme Court of Alaska.

Feb. 23, 1979.

Helen L. Simpson, Anchorage, for appellant.

J. L. McCarrey, III, McCarrey & McCarrey, Anchorage, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

On April 28, 1976, Esther Byrnes, as seller, entered into a written agreement with John Mercier, as purchaser, entitled "Receipt and Agreement Option to Purchase" concerning Lots 4, 5, and 6, Block 119, of the original townsite of Anchorage. The agreement provided for a total purchase price of $205,000, with a $60,000 down payment "upon 1st draw," and the $145,000 balance payable in monthly installments of $2,281, including interest at 9%, for ten years. The agreement also provided:

OPTION MONEY: . . . .

The above terms and conditions are subject to the OPTIONEE obtaining financing for a proposed apartment building

. . . .

SELLER: Agrees to subordinate their (sic) interest in subject property to the lender upon closing date of this sale. The OPTIONEE at this time shall provide the SELLER with a second deed of trust thereby securing the SELLER for the unpaid balance of the above purchase. BUYER: To assume any and all pending assessments. Monthly pay—to commence on or before one year from the date of closing.

The agreement contained other terms as to the length of the option and the extension thereof, which are not at issue in this appeal.

Later a dispute arose about Byrnes' failure to convey the property, and Mercier brought an action against Byrnes for specific performance and damages. Trial was held before Judge Edward V. Davis in July of 1977. When the trial concluded, Judge Davis ruled that the option agreement was enforceable according to its terms, and that Mercier should have two months to comply with the agreement.

When the form of judgment was submitted by Mercier's counsel, Byrnes objected to it on the grounds that it included only some, and not all, of the critical terms of the written agreement. The form of judgment required conveyance of the property upon presentation by Mercier of a $60,000 down payment and second deed of trust for $145,000, to be paid at the rate of $2,281 per month, but said nothing about the amount or purpose of a first deed of trust. At a hearing on the objections to the judgment, Judge Davis overruled the objections, stating that Mercier should follow the terms of the option agreement. The judgment was entered, and no appeal was taken from it.

Later, within the time limits set by the judgment, Mercier forwarded a subordination agreement to Byrnes, and requested that she supply a second deed of trust. When Byrnes refused to comply with Mercier's request, he filed a motion to compel Byrnes to comply with the judgment. That motion was heard by Judge J. Justin Ripley, who then signed an order on October 20, 1977, directing the clerk of the court to convey the property within five days if Byrnes did not do so. From that order, Byrnes brings this appeal.

Byrnes contends that neither the agreement nor the judgment requires her to subordinate her interest in the property to whatever amount Mercier wants to borrow against the property, and that in no case was she required to finance the down payment.

Mercier argues that Judge Ripley was merely enforcing the underlying judgment by his order of October 20, 1977, that the order was proper under Civil Rule 70,[1] and

1. Civil Rule 70 provides:
*Judgment for Specific Acts—Vesting Title.* If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the clerk shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within the state, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law. When any order or

that, because no appeal was taken from the judgment itself, this appeal should be dismissed.

 We agree with Byrnes that to the extent that the October 20, 1977, order required of her more than was required by the underlying judgment and agreement, it would be tantamount to a summary judgment on an issue not previously determined by the court. As to that question the appeal is proper.

 Our review of the record also leads us to the conclusion that Byrnes is correct on the substantive question presented. Nothing in the agreement or the judgment requires Byrnes to subordinate her interest to a loan to cover the down payment. All that she agreed to do was subordinate her interest in the $145,000 balance in favor of a construction loan for a proposed apartment building. Nothing in Judge Davis' remarks or the judgment alters this basic condition of the underlying agreement. The tender of performance by Mercier was not in accordance with the terms of the agreement. Therefore, it was error for the superior court to grant relief under Civil Rule 70. We must reverse and remand for further proceedings, consistent with this opinion, so that the intentions of the parties to the agreement can be effectuated.

Byrnes asks us to hold that Mercier's rights are now terminated because he has

judgment is for the delivery of possession the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk.

failed to make a tender of performance in conformity with the agreement. But we do not think that, in the circumstances of this case, the faulty tender should result in a forfeiture of Mercier's interest.

Each party can be given the benefit of the bargain by allowing a reasonable time within which Mercier can close the transaction. We direct that Mercier shall have 90 days from the issuance of our mandate to comply with the terms of the agreement. This means that Mercier must pay Byrnes a $60,000 down payment, and that the $145,000 balance may be secured by a second deed of trust subordinated to any construction loan which Mercier obtains for an apartment building. Alternatively, Mercier could simply pay to Byrnes the $145,000 balance in cash. Because of the time which has elapsed since the bargain was made, Mercier must compensate Byrnes for any property tax or other assessments against the property which she has paid since April 28, 1976.[2]

REVERSED AND REMANDED.

2. This is required by the terms of the agreement.